[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2911
The town of East Hartford moves to strike the third count of the second amended complaint of the plaintiff, Cecelia Lynch.
A motion to strike "admits all the facts well pleaded; it does not admit conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The first and second counts pertain to claims of liability of another defendant, Jon Stosuy. He is described as a police officer employed by the town who allegedly injured the plaintiff by firing blank cartridges at her from his weapon during a mock disaster exercise conducted at East Hartford High School. Paragraph 8 of Count 1 avers that Officer Stosuy acted in "wanton and reckless disregard," and paragraph 8 of Count 2 states that his conduct was "wilful and malicious."
Paragraph 10 of Count 3, which relates to the town and is the subject of this motion to strike, alleges that the plaintiff's injuries "were caused by the [town's] wilful and malicious failure to guard or warn against a dangerous activity" in divers ways. The town moves to strike this count because General Statutes § 52-557h exempts municipalities from such liability. The court agrees.
Municipalities enjoy governmental immunity from suit for tortious injuries unless statutory law removes that protection, Williams v. NewHaven, 243 Conn. 763, 766 (1998). Section 52-557n is a statute which codifies and limits the common law regarding governmental immunity and municipal liability, Sanzone v. Board of Police Commissioners,219 Conn. 179, 192 (1991). Subsection (a) of § 52-557n delineates the general principles of municipal liability, and § 52-557n (a)(2) expressly retains governmental immunity for towns for damages arising from the malicious or wilful misconduct of municipal officers, employees, or agents.
A municipal corporation cannot act except through the conduct of its officers, employees, and agents. A priori, any wilful or malicious action by a municipality can exist only in the malicious or wilful acts of an officer, employee, or agent. Because § 52-557n(a)(2) explicitly exempts municipalities from such liability, the town's motion to strike must be granted.
Sferrazza, J.